# RECORD NO. 15-4091

In The

# United States Court Of Appeals

### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

## DUPRE DISHAWN JENKINS, a/k/a
## Dupree Dishawn Jenkins (Federal Prisoner: 30179-057),

*Defendant – Appellant.*

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### AT GREENSBORO

———————————

## BRIEF OF APPELLANT

———————————

**Craig M. Cooley**
**COOLEY LAW OFFICE**
**1000 Centre Greenway**
**Suite 200**
**Cary, NC  27513**
**(919) 228-6333**

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
421 East Franklin Street ♦ Suite 230 ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

# TABLE OF CONTENTS

**Page:**

TABLE OF AUTHORITIES ................................................................... ii

INTRODUCTION ............................................................................1

STATEMENT OF JURISDICTION........................................................1

STATEMENT OF THE ISSUES...........................................................1

STATEMENT OF THE CASE...............................................................2

     Statement of Facts.......................................................................3

          1.     The Offenses, Investigation, and Indictment ...........................3

          2.     Plea Agreement .................................................................4

          3.     The Plea Colloquy .............................................................5

          4.     Pre-Sentence Report and Sentencing Hearing ..........................8

SUMMARY OF THE ARGUMENT .....................................................11

ARGUMENTS .............................................................................12

     A.     Standard of Review .......................................................12

     B.     Counsel Has Identified No Meritorious Appellate Claims ................12

ADDITIONAL *ANDERS* PROCEDURES.............................................17

CONCLUSION AND PRAYER FOR RELIEF .....................................17

STATEMENT REGARDING ORAL ARGUMENT ...............................18

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s):**

**Cases:**

*Anders v. California*,
  366 U.S. 738 (1967)................................................................*passim*

*Evitts v. Lucey*,
  469 U.S. 387 (1985)................................................................12

*Griffith v. Kentucky*,
  479 U.S. 314 (1987)................................................................17

*Massaro v. United States*,
  538 U.S. 500 (2003)................................................................16

*McCoy v. Court of Appeals of Wisconsin, Dist. 1*,
  486 U.S. 429 (1988)................................................................12, 13

*Strickland v. Washington*,
  466 U.S. 668 (1984)................................................................15, 16

*United States v. Archie*,
  771 F.3d 217 (4th Cir. 2014) ...................................................14

*United States v. Baptiste*,
  596 F.3d 214 (4th Cir. 2010) ...................................................16

*United States v. Brown*,
  2015 U.S. App. LEXIS 8514,
  2015 WL 2445290 (4th Cir. May 22, 2015)..............................15

*United States v. Byrd*,
  2015 U.S. App. LEXIS 9516 (4th Cir. June 8, 2015) ................12

*United States v. Galloway*,
  749 F.3d 238 (4th Cir. 2015) ...................................................16

*United States v. Hill*,
  599 Fed. Appx. 104 (4th Cir. 2015) .........................................13, 14

*United States v. Mitchell,*
    518 F.3d 740 (10th Cir. 2008) ....................................................14

*United States v. Urutyan,*
    564 F.3d 679 (4th Cir. 2009) .....................................................14

**Statutes:**

18 U.S.C. § 922(g)(1)................................................................2, 4

18 U.S.C. § 924(a)(2)................................................................2, 4

18 U.S.C. § 924(c)(1)(A)(ii) ......................................................2, 4

18 U.S.C. § 1951(a) .............................................................1, 2, 4

18 U.S.C. § 3742 ...................................................................1, 14

18 U.S.C. § 3742(a) ....................................................................4

28 U.S.C. § 1291 .........................................................................1

28 U.S.C. § 2255 ....................................................5, 12, 16, 17

28 U.S.C. § 2255(f)(1) ...............................................................17

**Sentencing Guidelines:**

U.S.S.G. § 2B3.1(a) .....................................................................8

U.S.S.G. § 2B3.1(b)(2)(B) ...........................................................8

U.S.S.G. § 2B3.1(b)(2)(C) ...........................................................8

U.S.S.G. § 3E1.1(a) .....................................................................9

U.S.S.G. § 3E1.1(b) .....................................................................9

U.S.S.G. § 4A1.1(a) .....................................................................9

U.S.S.G. § 4A1.1(b) .....................................................................9

U.S.S.G. § 4A1.1(c) ...............................................................................9

U.S.S.G. § 4A1.1(c)(1)(A) ....................................................................9

U.S.S.G. § 4A1.1(d) ..............................................................................9

U.S.S.G. § 4A1.2(1)(A) .........................................................................9

U.S.S.G. § 4A1.2(k)(1) ..........................................................................9

**Rules:**

Fed. R. App. P. 4 .................................................................................14

Fed. R. App. P. 4(b)(1)(A) ...................................................................13

Fed. R. App. P. 4(b)(1)(A)(i) ..........................................................13-14

Fed. R. App. P. 4(b)(4) .........................................................................13

Fed. R. App. P. 26(b) ...........................................................................13

Fed. R. Crim. P. 11 .................................................................................7

**Other:**

www.uscourts.gov/forms/criminal-forms ...........................................17

## INTRODUCTION

After a "conscientious examination," *Anders v. California*, 366 U.S. 738, 744 (1967), of the record, relevant statutes, case law, Federal Rules of Criminal Procedure, and United States Sentencing Guidelines, counsel identified no potential *appellate* issues. Therefore, counsel respectfully requests the Court to "vigorously" review the record to determine whether counsel overlooked potentially meritorious issues, and if so, to appoint counsel or order undersigned counsel to brief these for the Court. *See id*. at 744.

## STATEMENT OF JURISDICTION

Dupre D. Jenkins appeals his 108-month sentence for violating 18 U.S.C. § 1951(a) imposed by the Honorable William L. Osteen, Jr. on October 29, 2014. The Court has jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

Whether Dupre D. Jenkins's appeal presents with any meritorious claims under *Anders v. California*, 366 U.S. 738, 744 (1967).

## STATEMENT OF THE CASE

On **April 28, 2014**, the Government issued a five-count Indictment against **Dupre D. Jenkins** ("Jenkins") in connection with two robberies of a convenience store (Cielito Lindo) and grocery store (Dos Toros Meat Market) that occurred on **June 13, 2013** (Cielito Lindo) and **June 18, 2013** (Dos Toros Meat Market).

In **Counts One** and **Three**, the Government charged Jenkins with interfering with commerce by robbery in violation of **18 U.S.C. § 1951(a)**.  In **Counts Two** and **Four**, the Government charged Jenkins with brandishing a firearm during and in relation to a violent crime in violation of **18 U.S.C. § 924(c)(1)(A)(ii)**.  In **Count Five**, the Government charged Jenkins, a previous felon, with felon in possession of a firearm in violation of **18 U.S.C. §§ 922(g)(1)** and **924(a)(2)**.

On **July 9, 2014**, Jenkins and the Government entered into a *Plea Agreement* where Jenkins agreed to plead guilty to Counts One and Three (18 U.S.C. 1951(a)) and waive his appellate and post-conviction rights in exchange for the Government's agreement to dismiss Counts Two, Four, and Five.  Jenkins and the Government then memorialized their *Plea Agreement* on-the-record before the **Honorable William L. Osteen, Jr.**

On **October 29, 2014**, the District Court issued concurrent 108 month sentences for Counts One and Three (18 U.S.C. 1951(a)).

On **December 17, 2014**, the District Court entered judgment.

On **February 17, 2015**, Jenkins wrote the District Court informing it he wished to appeal his convictions and sentences.

On **February 20, 2015**, the Court appointed counsel to litigate Jenkins's appeal.

## Statement of Facts

### 1.    The Offenses, Investigation, and Indictment

On June 13, 2013, an African-American male entered Cielito Lindo, a convenience store on 518 National Highway, pointed a black handgun at an employee, and demanded "all of the money."  The employee gave the robber approximately $400.  The employee said the robber wore a black shirt, black shoes, a black glove on his right hand, and jeans.

On June 18, 2013, an African-American male entered Dos Toros Meat Market at 102 National Highway, pointed a black handgun at an employee, and said, "[G]ive me the money."  The employee gave the robber approximately $800. The employee said the robber wore a gray shirt.

On June 24, 2013, detectives interviewed Corrina Maria King, a former acquaintance of Jenkins, and showed her video surveillance footage from both robberies.  Upon viewing the footage, she identified the robber as "Magic"–which is Jenkins's nickname.

3

That same day, June 24th, detectives executed a search warrant at Jenkins's residence and recovered a black Hi-Point .380 caliber handgun, black gloves, black shoes, and gray and black t-shirts.

On April 28, 2014, the Government issued a five-count Indictment. In Counts One and Three, the Government charged Jenkins with interfering with commerce by robbery in violation of 18 U.S.C. § 1951(a). In Counts Two and Four, the Government charged Jenkins with brandishing a firearm during and in relation to a violent crime in violation of 18 U.S.C. § 924(c)(1)(A)(ii). In Count Five, the Government charged Jenkins, a previous felon, with felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## 2. Plea Agreement

On July 9, 2014, the Government and Jenkins entered into a *Plea Agreement*, which stipulated if Jenkins pled guilty to Counts One and Three, the robbery counts in violation of 18 U.S.C. 1951(a), *and* agreed to waive his direct appeal and post-conviction rights, the Government would dismiss Counts Two, Four, and Five.

The waiver said Jenkins "expressly waives the right to appeal" his "conviction" and "whatever sentence is imposed on any ground, including any appeal right conferred by" 18 U.S.C. § 3742(a). It also said Jenkins "expressly

waives" his "right to contest" his "conviction or the sentence in any post-conviction proceeding" under 28 U.S.C. § 2255.

The waiver, though, identified four exceptions, where Jenkins could directly or collaterally challenge his convictions and sentences: Jenkins can challenge them if they are the result of (1) trial counsel ineffectiveness or (2) prosecutorial misconduct or if his sentence is (3) in excess of the statutory maximum or (4) based on an unconstitutional factor.

### 3.      The Plea Colloquy

After signing and entering the *Plea Agreement*, the District Court questioned counsel and Jenkins regarding the agreement.  In regards to the waiver clause, the District Court read the clause nearly verbatim and asked counsel if he agreed the waiver clause was part of the *Plea Agreement*,[1] to which counsel said, "It is, Your Honor."[2]  The District Court then asked Jenkins if he agreed with his summary of the waiver clause; Jenkins said he agreed.[3]  The District Court then asked, "[D]oes this plea agreement represent the entire agreement between you and the United States in this case?"  Jenkins replied: "Yes, sir."[4]

After the Government and counsel quickly amended the *Plea Agreement* to remove a clause not relevant to this appeal, the District Court addressed the waiver

---

[1] NT, Plea Hrg., 7/9/2014, at 6-7.
[2] *Id*. at 7.
[3] *Id*. at 7.
[4] *Id*. at 7.

clause again and asked Jenkins if he agreed to it terms and conditions; Jenkins

agreed.[5]  The District Court then had the following colloquy with Jenkins:

> Court:    With respect to the appeal waiver, Mr. Jenkins, I do want to put that in some perspective here.  As we'll discuss further in just a few minutes, I am required to perform a guideline calculation in accordance with your sentencing.  Under this appeal waiver in which you have given up your right to challenge the conviction and sentence by way of appeal or in any post-conviction proceedings… except for the four exceptions listed, for example, if I make a mistake in your guideline calculation, that is not an appealable matter.  Do you understand that?
>
> Jenkins:  I do.
>
> Court:    So…. any mistake that I should make that falls outside those four categories is not a matter you can challenge latter.  Do you understand that?
>
> Jenkins:  I do.[6]

The District Court then asked Jenkins if counsel reviewed the *Plea Agreement* with him, and if so, whether he understood all its terms, conditions, and limitations; Jenkins said counsel reviewed the Plea Agreement with him and that he understood all its terms, conditions, and limitations.[7]

---

[5] *Id*. at 12-13.
[6] *Id*. at 13-14.
[7] *Id*. at 13.

Throughout the plea colloquy, the District Court addressed each issue required by Fed. R. Crim. P. 11. The chart below identifies where in the record the District Court complied with each Rule 11 requirement:

| **Plea Requirement** | **Requirement Satisfied** |
|---|---|
| 1. Nature of Charges | NT, Plea Hrg., 7/9/2014, at 5-6, 22-23 |
| 2. Range of Punishments | NT, Plea Hrg., 7/9/2014, at 15, 16, 17 |
| 3. Applicability of Guidelines | NT, Plea Hrg., 7/9/2014, at 15, 19, 20 |
| 4. Right to Plead Not Guilty | NT, Plea Hrg., 7/9/2014, at 20 |
| 5. Right To Compel Gov't To Prove Guilty Beyond Reasonable Doubt | NT, Plea Hrg., 7/9/2014, at 20, 21 |
| 6. Right To Jury Trial | NT, Plea Hrg., 7/9/2014, at 20 |
| 7. Right To Testify | NT, Plea Hrg., 7/9/2014, at 21 |
| 8. Right To Confront Witnesses | NT, Plea Hrg., 7/9/2014, at 21 |
| 9. Right Against Self-Incrimination | NT, Plea Hrg., 7/9/2014, at 21 |
| 10. Right To Present Evidence | NT, Plea Hrg., 7/9/2014, at 21 |
| 11. Entry of Plea Waives Trial Rights | NT, Plea Hrg., 7/9/2014, at 20-21 |
| 12. Voluntariness of Plea | NT, Plea Hrg., 7/9/2014, at 24 |
| 13. Plea Entered in Open Court | NT, Plea Hrg., 7/9/2014, at 24 |
| 14. Right to Pre-Sentence Report | NT, Plea Hrg., 7/9/2014, at 24-25 |

| 15. Factual Basis For Pleas | NT, Plea Hrg., 7/9/2014, at 24 |
|---|---|
| 16. Right To Appeal | NT, Plea Hrg., 7/9/2014, at 6, 7, 11, 13 |
| 17. Effective Counsel | NT, Plea Hrg., 7/9/2014, at 21 |
| 18. Need To Testify Under Oath | NT, Plea Hrg., 7/9/2014, at 1-2 |

### 4.    Pre-Sentence Report and Sentencing Hearing

On October 17, 2014, Probation Officer Joe R. Maciejewski filed Jenkins's Pre-Sentence Report ("PSR").    P.O. Maciejewski identified Jenkins's Offense Level as 25.

| Total Offense Level Calculation | |
|---|---|
| Count One: Base Offense Level | 20[8] |
| Brandishing a Firearm | +5[9] |
| **Adjusted Offense Level: 25** | |
| Count Two: Offense Level | 20[10] |
| Firearm pointed at employee's face | +6[11] |
| **Adjusted Offense Level: 26** | |
| **Combined Adjusted offense Level: 28** | |

---

[8] U.S.S.G. § 2B3.1(a).
[9] U.S.S.G. § 2B3.1(b)(2)(C).
[10] U.S.S.G. § 2B3.1(a).
[11] U.S.S.G. § 2B3.1(b)(2)(B).

| Acceptance of Responsibility | -2[12] |
|---|---|
| Acceptance of Responsibility | -1[13] |
| **Total Offense Level: 25** ||

P.O. Maciejewski identified Jenkins's Criminal History Score as 10, giving him a Criminal History Category of V.

| **Criminal History Score** |||
|---|---|---|
| **Offense** | **Guideline** | **Score** |
| Felon in Possession of a Firearm (06 CRS 51290) | U.S.S.G. § 4A1.1(a) U.S.S.G. § 4A1.2(k)(1) | 3 |
| Misd. Assault and Battery (07 CRS 57720) | U.S.S.G. § 4A1.1(c) | 1 |
| Misd. 1st-Degree Trespassing (08 CRS 54002) | U.S.S.G. § 4A1.1(c) U.S.S.G. § 4A1.1(c)(1)(A) | 1 |
| Misd. Assault on a Female (11 CRS 57153) | U.S.S.G. § 4A1.1(b) U.S.S.G. § 4A1.2(k)(1) | 2 |
| Misd. Criminal Contempt (11 CRS 4791) | U.S.S.G. § 4A1.1(c) U.S.S.G. § 4A1.2(1)(A) | 1 |
| **Subtotal Criminal History Score** | 8 ||
| Jenkins committed this offense while under sentence for 11 CRS 57153[14] | +2 ||
| **Total Criminal History Score: 10** |||

---

[12] Jenkins "clearly demonstrated acceptance of responsibility for the offense." *See* U.S.S.G. § 3E1.1(a).

[13] Jenkins "assisted authorities in the investigation or prosecution" of his "own misconduct by timely notifying authorities of the intention to enter a plea of guilty." *See* U.S.S.G. § 3E1.1(b).

[14] *See* U.S.S.G. § 4A1.1(d).

Based on the Total Offense Level of 25 and Criminal History Category of V, the PSR identified the guideline range as 100 months to 125 months and 1 to 3 years of supervised release.

At the October 29, 2014 sentencing hearing, the District Court asked counsel and Jenkins if they reviewed the PSR, and if so, whether they objected to its findings and recommendations. Both said they reviewed the PSR and had no objections.[15] The District Court, therefore, adopted the PSR's findings and recommendations and sentenced Jenkins to 108 months and 3 years supervised release for Count One and a concurrent 108 months and 3 years supervised release for Count Three.[16] The District Court also ordered Jenkins to pay $1,200 in restitution.[17]

At the end of the hearing, the District Court reminded Jenkins of the waiver clause:

> Mr. Jenkins, you've waived your right to appeal in this case with the exception of the four grounds that were reserved in the plea agreement. Mr. Buggs will discuss with you your waiver of that right to appeal as well as the reservation of grounds set forth in the plea agreement and advise you with respect to those matters.[18]

---

[15] NT, Sentencing Hrg., 10/29/2014, at 2.
[16] *Id*. at 3, 11, 13.
[17] *Id*. at 12.
[18] *Id*. at 14.

On February 17, 2015, Jenkins wrote the District Court asking to appeal his convictions and sentences, but in doing so, he did not identify the basis of his appeal or whether it fell within the four exceptions to the waiver clause.

## SUMMARY OF THE ARGUMENT

After thoroughly and vigorously reviewing the record and applicable case law, statutes, and procedural rules, counsel has been unable to identify a meritorious *appellate* issue for two reasons.

***First***, Jenkins filed an untimely notice of appeal. While this does not divest the Court of is subject-matter jurisdiction over his appeal, if the Government moves to dismiss his appeal on untimeliness grounds, the Court's general practice is to dismiss the appeal.

***Second***, and more problematic, Jenkins's *Plea Agreement* contained an appeals waiver clause forbidding him from appealing his convictions and sentences except under for narrow exceptions, including trial counsel's ineffectiveness. According to Jenkins, his notice of appeal is based on trial counsel's ineffectiveness, namely trial counsel's erroneous legal advice regarding his likely sentence renders his plea unknowing and unintelligent. He also alleges he requested trial counsel to file a notice of appeal.

While these are cognizable trial counsel ineffectiveness claims, direct appeal is not the appropriate forum to litigate these claims because the record does not

contain the necessary facts needed to meaningfully consider and adjudicate them. Indeed, Jenkins's claims are premised on private, off-the-record conversations he allegedly had with trial counsel. Consequently, because trial counsel's ineffectiveness does not conclusively appear on the face of the record, the Court cannot adjudicate these claims, but instead may dismiss them without prejudice so Jenkins can incorporate them into a post-conviction petition under 28 U.S.C. § 2255. Post-conviction, in other words, is the appropriate forum to adjudicate Jenkins's ineffectiveness claims because the District Court may grant discovery, expand the record, or hold an evidentiary hearing under the Rules Governing 2255 Cases.

## ARGUMENTS

### A.    Standard of Review

When counsel files an *Anders* brief, the Court's review is plenary, as it must vigorously review the record and counsel's professional opinion that the defendant's case presents with no meritorious claims. *See United States v. Byrd*, 2015 U.S. App. LEXIS 9516, *1 (4th Cir. June 8, 2015).

### B.    Counsel Has Identified No Meritorious Appellate Claims

Jenkins has a due process right to effective appellate representation. *See Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985). Counsel, therefore, "must consistently serve… [Jenkins's] interest to the best of his… ability." *McCoy v.*

*Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 438 (1988). Counsel, in other words, must act as an "advocate," *Anders v. California*, 386 U.S. 738, 743 (1967), to ensure Jenkins's constitutional right of effective appellate representation and meaningful appellate review are "scrupulously honored." *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. at 444.

Counsel satisfied these requirements by thoroughly examining and reviewing Jenkins's case. After a "conscientious examination," *Anders v. California*, 366 U.S. at 744, of the record, Federal Sentencing Guidelines, Federal Rules of Criminal Procedure, and applicable federal statutes, counsel has not identified a potential *direct appeal* issue. Counsel's conclusion is based on two factors; one procedural, one substantive.

***First***, from a procedural perspective, Jenkins's notice of appeal is untimely. In criminal cases, a defendant must file his notice of appeal within 14 days after the entry of judgment. *See* Fed. R. App. P. 4(b)(1)(A). Upon a showing of excusable neglect or good cause, the district court may grant an extension of no more than 30 additional days to file a notice of appeal. *See* Fed. R. App. P. 4(b)(4), 26(b); *United States v. Hill*, 599 Fed. Appx. 104, 105 (4th Cir. 2015).

On December 17, 2015, the District Court entered judgment, meaning Jenkins had until December 31, 2014 to file his notice of appeal. *See* Fed. R. App.

P. 4(b)(1)(A)(i). Jenkins did not file his notice of appeal until February 17, 2015, a month and a half after the deadline, making it untimely.

The untimeliness, however, does not divest the Court of its subject-matter jurisdiction over his appeal, meaning Rule 4 is not a jurisdictional provision, but, rather, a claim-processing rule. *See United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009). While appellate courts generally will not raise the timeliness issue *sue sponte*, unless judicial resources are implicated and the delay has been inordinate, *cf. United States v. Mitchell*, 518 F.3d 740, 750 (10th Cir. 2008), if the Government raises the issue, the Court's general practice is to dismiss the appeal as untimely. *Cf. United States v. Hill*, 599 Fed. Appx. 104, 105 (4th Cir. 2015).

At this point, Jenkins has two facts going in his favor: (1) his delay in filing his notice of appeal was not inordinate; and (2) the Government has not filed a motion requesting the Court to dismiss the appeal as untimely. Another more important fact, though, may explain and excuse his untimeliness, but as discussed below, this fact or *alleged* fact, *i.e.*, trial counsel's ineffectiveness, does not conclusively appear in the record, leading to the second and more problematic issue for Jenkins.

**Second**, from a substantive perspective, the waiver clause in Jenkins's *Plea Agreement* is constitutional and enforceable under 18 U.S.C. § 3742. *See United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). If the waiver is valid and the

issue is within the waiver's scope, a waiver will preclude an appeal of "a specific issue[.]" *Id.* But, a waiver does not preclude consideration of a trial counsel ineffectiveness claim. *See United States v. Brown*, 2015 U.S. App. LEXIS 8514, 2015 WL 2445290 at *1 (4th Cir. May 22, 2015).

Consequently, based on the waiver, Jenkins can only challenge his convictions and sentences if his challenge is based on (1) trial counsel's ineffectiveness or (2) prosecutorial misconduct or if his sentences are (3) in excess of the statutory maximum sentence or (4) based on an unconstitutional factor.[19] Counsel consulted with Jenkins and, according to him, he based his notice of appeal on trial counsel's ineffectiveness, specifically:

- He purposely waived his right to trial, and pled guilty, because trial counsel advised him that, if he pled guilty, he would receive no more than a 5-year sentence.

- He also chose to plead guilty because, based on trial counsel's advice, he would not be exposed to guideline enhancements at sentencing.

- Lastly, despite the waiver clause, he instructed trial counsel to file a timely notice of appeal, which trial counsel did not.

---

[19] This is premised on the assumption the waiver is knowing and intelligent. However, as explained *infra*, Jenkins is claiming trial counsel's ineffectiveness rendered his guilty plea unintelligent and unknowing because, when he agreed to plead guilty and when he in fact pled guilty, it was his understanding he would receive a sentence of no more than five-years. This issue, however, cannot be resolved on direct appeal because additional evidence must be introduced into the record at the District Court level and the District Court must make factual findings regarding deficient performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687-688 (1984).

While these are all cognizable trial counsel ineffectiveness claims, Jenkins cannot litigate these claims on *direct appeal* unless trial counsel's ineffectiveness conclusively appears on the face of the record. *See United States v. Galloway*, 749 F.3d 238, 241 (4th Cir. 2015). Instead, when the record does not contain the requisite facts to meaningfully adjudicate a defendant's trial counsel ineffectiveness claims, such claims must be raised in a post-conviction motion brought pursuant to 28 U.S.C. § 2255, in order to permit sufficient fact development. *See United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

Here, Jenkins's ineffectiveness allegations are premised on private, off-the-record conversations he allegedly had with trial counsel. Consequently, the record does not contain the requisite facts to meaningfully adjudicate his ineffectiveness claims. Post-conviction is the proper forum to develop these facts, *see Massaro v. United States*, 538 U.S. 500, 504-505 (2003), where the District Court can grant discovery, expand the record, or hold an evidentiary hearing. *See* RULES GOVERNING 2255 CASES RULES 6, 7, 8. Thus, because the record does not conclusively establish trial counsel's ineffectiveness, *see Strickland v. Washington*, 466 U.S. at 687-688, the Court must decline to review his ineffectiveness claims at this juncture.

16

## ADDITIONAL *ANDERS* PROCEDURES

Adhering to *Anders*, prior to filing this brief, counsel sent Jenkins a copy of this brief, as well as a letter explaining his *Anders* rights. Counsel advised Jenkins of his right to file supplemental arguments on his own behalf and has provided him with the Court's address. Counsel respectfully requests that Jenkins be afforded at least thirty days to raise any issues or arguments he chooses in support of his appeal. *See Anders v. California*, 386 U.S. at 744.

Also, counsel provided Jenkins with a copy of AO243 entitled *Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody*, downloaded from the U.S. Court's website at www.uscourts.gov/forms/criminal-forms, and explained to him when the motion had to be filed. At this point, because he did not file a timely notice of appeal, his conviction became final on December 31, 2014, when his appellate right expired. *See Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). Under 28 U.S.C. § 2255(f)(1), Jenkins has one year, from December 31, 2014, to file his post-conviction (2255) petition, meaning he must file it on or before December 31, 2015.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, counsel respectfully requests the Court to "vigorously" review the record, *Anders v. California*, 386 U.S. at 344, to ensure counsel's professional judgment regarding the timeliness and waiver issues are legally sound,

and if not, to ensure Jenkins's right to meaningful appellate review are adequately protected and vindicated. If the Court finds counsel overlooked an issue or issues of arguable merit, counsel respectfully requests the Court to appoint counsel or to order undersigned counsel to brief and argue the potentially meritorious issue(s).

## STATEMENT REGARDING ORAL ARGUMENT

Counsel is not requesting oral argument because it is his professional opinion Dupe D. Jenkins's appeal presents with no meritorious appellate issues, but the Court is invited to conduct a "full examination" of the record to determine if there is "anything in the record that might arguably support the appeal[.]" *Anders v. California*, 366 U.S. at 744.

Respectfully submitted this the **15th day** of **June**, **2015**.

/s/*Craig M. Cooley*
Craig M. Cooley, N.C. Bar #45627
COOLEY LAW OFFICE
1000 Centre Greenway, Suite 200
Cary, NC  27513
(919) 228-6333
craig.m.cooley@gmail.com
www.nc-criminal-appeals.com

*Counsel for Appellant*

18

**CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**
**Certificate of Compliance with Type-Volume Limitation,**
**Typeface Requirements, and Type Style Requirements**

1.    This brief complies with the type-volume limitation of Fed. R. App. P.32(a)(7)(B) because:

      This brief contains <u>3,532</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

      This brief has been prepared in a proportionally spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

Dated:  June 15, 2015                  <u>/s/ Craig M. Cooley     </u>
                                         Craig M. Cooley

                                         *Counsel for Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on June 15, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing all the registered CM/ECF users.

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ Shelly N. Gannon
Shelly N. Gannon
GIBSON MOORE APPELLATE SERVICES, LLC
421 East Franklin Street, Suite 230
Richmond, VA 23219